DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>YAAKOV MEIR NEMOY<br><br><br><br><br>Debtor(s) | Chapter 13<br>Case No. 23-51393 MEH<br><br>TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE<br><br>341 Meeting: Date: JANUARY 17, 2024 @ 9:30 AM<br>Initial Confirmation Date: FEBRUARY 1, 2024<br>Initial Confirmation Time: 1:30 PM<br>Place: Telephonic Or Video Only<br>Judge: M. Elaine Hammond |

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The Debtor has not complied with the following provisions contained in General Order 34 of the United States Bankruptcy Court for the Northern District of California therefore the plan cannot be confirmed:

    The Debtor has failed to provide the Chapter 13 Trustee with Form NDC 1-3 Class 1 Checklist for each Class 1 creditor and Form NDC 1-4 Authorization to Release Information to Trustee.

2. The Plan is in violation of 11 U.S.C. § 1322(d) as the term is 62 months and the maximum term allowed under the Code is sixty (60) months from the date the first plan payment is due.  NOTE: See point #6 below.

3. The Trustee cannot determine whether the plan is feasible under 11 U.S.C. § 1325(a)(6). The Debtor's plan payment for the is not sufficient to cover the adequate protection payment to Loandept.com LLC, County of Santa Clara, Attorney and Trustee fees.

4. The Trustee is unable to determine whether the plan is feasible under 11 U.S.C. § 1325(a)(6).  The Debtor has failed to file an attachment to Schedule I to detail his/her monthly gross income and any expenses for rental or operating business.

5. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met.  The Debtor lists his/her interest in a lawsuit claim against loan servicer on Schedule A/B with an "unknown" value.  The Debtor must amend Schedule A/B to list a dollar amount.

6. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. § 1325(a)(4). Pursuant to the Trustee's calculation of the equity in the Debtor's real or personal property, there is excess equity in the amount of $358,949.56.  In order to ensure compliance with 11 U.S.C. § 1325(a)(4), the Debtor must amend the Plan to provide for a "Payment in full with interest at the Federal Post-Judgment Rate effective on the petition date" in Section 5 Class 14 of the Plan.

7. The Trustee is unable to determine if 11 U.S.C. § 1325(a)(4) is met until the Debtor has resolved the Trustee's Objection to Claim of Exemptions.

8. The Debtor has failed to provide the Trustee with copies of pay advices or other evidence of payment received within sixty (60) days before the date of the filing of the petition in contravention of 11 U.S.C. § 521(a)(1)(B)(iv).  If the Debtor cannot provide copies of the

payment advices, a declaration signed by the Debtor under penalty of perjury must be provided pursuant to the Order Re: Filing of Payment Advices in effect for the San Jose Division of the United States Bankruptcy Court for the Northern District of California. Pursuant to the order, the declaration must set forth the reason that the pay advices are unavailable and should state the Debtor's estimate of payments received and provide other evidence, if any, of the payments received.

9. The Debtor has not complied with 11 U.S.C. § 521(e)(2)(A)(i) and (B) as the Debtor has not provided the Trustee with a copy of his/her 2022 federal and state income tax return and W-2.

10. The Debtor failed to provide copies of income tax returns prior to the 11 U.S.C. §341 meeting of creditors. See separate objection point. So that the Trustee can verify that the copies that the Debtor will provide are true and correct copies of the returns that were provided to the taxing agencies, the Trustee requests that the returns provided to the Trustee be attached to a declaration signed by the Debtor stating under penalty of perjury that the returns being provided are true and correct copies of the returns that the Debtor submitted to the taxing authorities.

11. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation. The tax returns shall be provided to her along with a declaration signed by the Debtor stating under penalty of

perjury that the returns being provided and true and correct copies of the returns that the Debtor submitted to the taxing authorities.

Dated: January 10, 2024                                          /S/ Devin Derham-Burk
                                                                 _____
                                                                 Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I hereby declare that I am over the age of 18 years, not a party to the within cause; my business address is 105 Cooper Court, Los Gatos, CA 95032. I served the within Objection to Confirmation, by placing same in an envelope in the U.S. Mail at Los Gatos, California on January 10, 2024. Said envelopes were addressed as follows:

| | |
|---|---|
| YAAKOV MEIR NEMOY<br>101 REDDING RD #C6<br>CAMPBELL, CA 95008 | JONATHAN VAKNIN<br>1800 TARAVAL ST #16430<br>SAN FRANCISCO, CA 94116 |

/S/__Clotilde Costa_____
Office of Devin Derham-Burk, Trustee