DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

YAAKOV MEIR NEMOY

Debtor(s)

Chapter 13
Case No. 23-51393 MEH

SECOND AMENDED TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

Confirmation Date: N/A – Trustee's Pending List

Judge: M. Elaine Hammond

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The Debtor has not complied with the following provisions contained in General Order 34 of the United States Bankruptcy Court for the Northern District of California therefore the plan cannot be confirmed:

   The Debtor has failed to provide the Chapter 13 Trustee with Form NDC 1-3 Class 1 Checklist for each Class 1 creditor and Form NDC 1-4 Authorization to Release Information to Trustee.

2. The Plan is in violation of 11 U.S.C. § 1322(d) as the term is 79 months and the maximum term allowed under the Code is sixty (60) months from the date the first plan payment is due. NOTE: Several claims came in higher than listed.

3. The Trustee cannot determine whether the plan is feasible under 11 U.S.C. § 1325(a)(6). The Debtor's plan payment for the is not sufficient to cover the adequate protection payment to Loandept.com LLC, County of Santa Clara, Attorney and Trustee fees.

4. The Trustee is unable to determine whether the plan is feasible under 11 U.S.C. § 1325(a)(6). The Debtor has failed to file an attachment to Schedule I to detail his/her monthly gross income and any expenses for rental or operating business.

5. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met. The Debtor lists his/her interest in a lawsuit claim against loan servicer on Schedule A/B with an "unknown" value. The Debtor must amend Schedule A/B to list a dollar amount.

6. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. § 1325(a)(4). Pursuant to the Trustee's calculation of the equity in the Debtor's real or personal property, there is excess equity in the amount of $358,949.56. In order to ensure compliance with 11 U.S.C. § 1325(a)(4), the Debtor must amend the Plan to provide for a "Payment in full with interest at the Federal Post-Judgment Rate effective on the petition date" in Section 5 Class 14 of the Plan.

7. The Trustee is unable to determine if 11 U.S.C. § 1325(a)(4) is met until the Debtor has resolved the Trustee's Objection to Claim of Exemptions.

8. The Debtor has failed to provide the Trustee with copies of pay advices or other evidence of payment received within sixty (60) days before the date of the filing of the petition in contravention of 11 U.S.C. § 521(a)(1)(B)(iv). If the Debtor cannot provide copies of the

payment advices, a declaration signed by the Debtor under penalty of perjury must be provided pursuant to the Order Re: Filing of Payment Advices in effect for the San Jose Division of the United States Bankruptcy Court for the Northern District of California. Pursuant to the order, the declaration must set forth the reason that the pay advices are unavailable and should state the Debtor's estimate of payments received and provide other evidence, if any, of the payments received. NOTE: Still missing pay advice dated September 30, 2023.

9. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation. The tax returns shall be provided to her along with a declaration signed by the Debtor stating under penalty of perjury that the returns being provided and true and correct copies of the returns that the Debtor submitted to the taxing authorities.

10. The Trustee is unable to determine whether the plan meets the liquidation test in 11 U.S.C. § 1325 (a)(4) and requests that the Debtor provide her with a copy of whatever evidence the Debtor used to determine the value of real property located at 101 Redding Road, # C6, Campbell, California listed on Schedule A/B.

Dated: March 21, 2024

/S/ Devin Derham-Burk
_____
Chapter 13 Trustee

**CERTIFICATE OF SERVICE BY MAIL**

I hereby declare that I am over the age of 18 years, not a party to the within cause; my business address is 105 Cooper Court, Los Gatos, CA 95032. I served the within Objection to Confirmation, by placing same in an envelope in the U.S. Mail at Los Gatos, California on March 21, 2024. Said envelopes were addressed as follows:

| | |
|---|---|
| YAAKOV MEIR NEMOY<br>101 REDDING RD #C6<br>CAMPBELL, CA 95008 | JONATHAN VAKNIN<br>1800 TARAVAL ST #16430<br>SAN FRANCISCO, CA 94116 |

/S/ Clotilde Costa
Office of Devin Derham-Burk, Trustee